Justice Breyer,
concurring in part and dissenting in part.
I join Parts l and II of the Court’s opinion. I do not join Part III, for I would send this case back to the Court of *205 Appeals so that it can apply the legal standards that Part II announces to the complex facts of this case. Compare ante, at 187-203 (majority opinion), with post, at 221-246 (Soto-mayor, J., dissenting).
Like the Court, I believe that its understanding of 28 U. S. C. § 2254(d)(1) does not leave AEDPA’s hearing section, § 2254(e), without work to do. An offender who believes he is entitled to habeas relief must first present a claim (including his evidence) to the state courts. If the state courts reject the claim, then a federal habeas court may review that rejection on the basis of the materials considered by the state court. If the federal habeas court finds that the state-court decision fails (d)’s test (or if (d) does not apply), then an (e) hearing may be needed.
For example, if the state-court rejection assumed the habeas petitioner’s facts (deciding that, even if those facts were true, federal law was not violated), then (after finding the state court wrong on a (d) ground) an (e) hearing might be needed to determine whether the facts alleged were indeed true. Or if the state-court rejection rested on a state ground, which a federal habeas court found inadequate, then an (e) hearing might be needed to consider the petitioner’s (now unblocked) substantive federal claim. Or if the state-court rejection rested on only one of several related federal grounds (e. g., that counsel’s assistance was not “inadequate”), then, if the federal court found that the state court’s decision in respect to the ground it decided violated (d), an (e) hearing might be needed to consider other related parts of the whole constitutional claim (e. g., whether the counsel’s “inadequate” assistance was also prejudicial). There may be other situations in which an (e) hearing is needed as well.
In this case, however, we cannot say whether an (e) hearing is needed until we know whether the state court, in rejecting Pinholster’s claim on the basis presented to that state court, violated (d). (In my view, the lower courts’ analysis in respect to this matter is inadequate.)
*206 There is no role in (d) analysis for a habeas petitioner to introduce evidence that was not first presented to the state courts. But that does not mean that Pinholster is without recourse to present new evidence. He can always return to state court presenting new evidence not previously presented. If the state court again denies relief, he might be able to return to federal court to make claims related to the latest rejection, subject to AEDPA’s limitations on successive petitions. See §2244.
I am not trying to predict the future course of these proceedings. I point out only that, in my view, AEDPA is not designed to take necessary remedies from a habeas petitioner but to give the State a first opportunity to consider most matters and to insist that federal courts properly respect state-court determinations.